MRS. FALESAU WILLIS, Appellant

v.

TAUPO and his wife MU, Appellees

No. 64-1965

High Court of American Samoa

Civil Jurisdiction, Appellate Division

June 7, 1965

Paul Willis, counsel for Appellant.
Lafoi'a, counsel for Appellees.

MORROW, *Chief Justice.*

This is an appeal from a judgment of the Trial Division rendered in case No. 64-1965 dismissing plaintiff's petition, filed March 26, 1965, praying for an order evicting Taupo and his wife Mu from the land Tuamauga in Fagatogo. Mrs. Falesau Willis, appellant, informed the Court at the hearing of the appeal that her petition in case No. 64-1965 was in fact filed by her in behalf of the Willis Family. The Willis Family is made up of Falesau and her children by Alexander T. Willis.

Falesau's petition was dismissed by the Trial Division upon the ground that the matter involved in the case had already been litigated in case No. 10-1965, since the parties were in fact the same and the land involved the same.

Referring to case No. 10-1965 we find that on January 13, 1965 Joseph Willis filed a petition "on behalf of himself and the heirs of Alexander T. Willis" against Taupo and his wife Mu praying for an order evicting them from the land known as Tuamauga in Fagatogo. After hearing had on March 17, 1965 Joseph's petition was dismissed by the Trial Division on March 22, 1965 upon the ground "that the plaintiff, Joseph Willis, failed to prove by the preponderance or greater weight of evidence that the house occupied by the defendants was situated on the plaintiff's land."

It then appears as a fact that the actual plaintiff in case No. 10-1965 was the Willis Family. It also appears as a fact that the defendants in both cases were Taupo and his wife Mu; also that the land involved in both cases was Tuamauga, and that the remedy sought in both cases was eviction of the defendants from Tuamauga.

 This is a case in which the legal doctrine of res judicata is applicable. "The doctrine of res judicata . . . embodies two main rules which may be stated as follows: (1) The judgment or decree of a Court of competent jurisdiction on the merits concludes the parties and privies to the litigation and constitutes a bar to a new action or suit involving the same cause of action either before the same or any other tribunal. . . . (2) Any right, fact, or matter in issue, and directly adjudicated on, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered on the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties

and privies whether or not the claim or demand, purpose or subject matter of the two suits is the same. . . ." 50 Corpus Juris Secundum 11.

■ The basis of the doctrine of res judicata is two fold: (1) that there should be an end to litigation and (2) that a party should not be harassed or vexed twice by his opponent. "The doctrine of res judicata may be said to inhere in the legal systems of all civilized nations as an obvious rule of expediency, justice, and public tranquility. Public policy and the interest of litigants alike require that there be an end to litigation, which, without the doctrine of res judicata, would be endless. The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or has had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent." 30A American Jurisprudence 373–4.

In case No. 10-1965 the Willis Family litigated their right to have an order of eviction issued against Taupo and Mu, the Court deciding that they had no right to such an order.

■ In case No. 64-1965 the Willis Family seeks to litigate the very same matter again. The Trial Division in case No. 64-1965 decided that they could not. The court decided that the judgment rendered in case No. 10-1965 was a bar to further litigation between the same parties involving the same subject matter. The remedy sought was eviction in both cases. The land involved was the same in both cases.

■ If Falesau, acting in behalf of the Willis Family, could re-litigate the right of the family to have Taupo and Mu evicted from Tuamauga and should lose the case there

937

would be no reason why Paul Willis could then not file another petition in behalf of the family, and if he should lose the case, why another member of the family could not then file a similar petition, and so on until each member of the family had filed a similar petition and had it litigated. That cannot be done. Public policy requires that there be an end to litigation and that a plaintiff should not be permitted to litigate the same matter again and again to the harassment of the defendant.

We think that the judgment of the Trial Division dismissing Falesau's petition in case No. 64-1965 was correct.

ACCORDINGLY, IT IS ORDERED that such judgment be and the same is hereby affirmed.

Costs in the sum of $5.00 are hereby assessed against Falesau Willis, the same to be paid within 15 days.